Case 1:22-cv-00110   Document 28   Filed on 04/19/23 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
April 19, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALBERTO ESTIVEN RIASCOS-CARDENAS, Petitioner, | § § § § | |
| v. | § § | CIVIL ACTION NO. 1:22-cv-110 CRIM. ACTION NO. 1:21-326-1 |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On August 29, 2022, Petitioner Alberto Estiven Riascos-Cardenas filed a motion to vacate, set aside or correct his sentence pursuant to 42 U.S.C. § 2255. Dkt. No. 1.

On October 25, 2022, the Government filed a motion in response to the petition. Dkt. No. 9.

On April 13, 2023, the Court held an evidentiary hearing on the petition. Dkt. No. 27.

After reviewing and the relevant case law, the Court recommends that the petition be denied. Riascos-Cardenas's petition is substantively meritless.

**I. Background**

    **A. Factual Background**

        **1. Indictment & Trial**

On April 13, 2021, the grand jury indicted Riascos-Cardenas on one count of illegally re-entering the United States after having been previously deported, a violation of 8 U.S.C. § 1326(a) & (b)(1). U.S. v. Riascos-Cardenas, Criminal No. 1:21-326-1, Dkt. No. 5 (J. Rodriguez presiding) [hereinafter CR].

On June 29, 2021, Riascos-Cardenas pled guilty before the district judge, pursuant to a written plea agreement with the Government. CR Dkt. No. 14. The Government agreed to recommend credit for acceptance of responsibility and that Riascos-Cardenas be sentenced at the low end of his advisory guideline level. Id. The plea agreement also

1

contained a statement that Riascos-Cardenas "is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction, not a promise, did not induce his/her guilty plea and is not binding on the United States, the Probation Office or the Court." Id.

As part of the plea agreement, Riascos-Cardenas waived his right to "appeal the conviction and sentence imposed." CR Dkt. No. 14, pp. 4-5.[1]

### 2. Presentence Report

In the final presentence report ("PSR"), Riascos-Cardenas was assessed a base offense level of eight. CR Dkt. No. 19, p. 4. He was also assessed a four-level enhancement because he committed the instant offense after a previous illegal re-entry felony conviction. Id., p. 5. He was assessed an additional 10-level enhancement because he had a prior felony conviction for burglary of a habitation which he committed after being deported from the United States. Id., p. 5. He was given a three-level reduction for acceptance of responsibility. Id., p. 5. Thus, Riascos-Cardenas was assessed a total offense level of 19. Id.

Regarding his criminal history, Riascos-Cardenas had four adult criminal convictions and was assessed seven criminal history points. CR Dkt. No. 19, pp. 5-8. This resulted in a criminal history category of IV. An offense level of 19 and criminal history category of IV, produced a sentencing guideline imprisonment range of 46 to 57 months.

Riascos-Cardenas did not object to the PSR. CR Dkt. No. 18.

### 3. Sentencing

On October 4, 2021, the Court held the sentencing hearing. CR Dkt. No. 35. The Court asked Riascos-Cardenas, under oath, if he had "the opportunity to review the Pre-Sentence Investigation Report" with counsel. Id., p. 2. Riascos-Cardenas replied, "Yes, Your honor." Id.

---

[1] That waiver of appellate rights does not preclude the instant petition, because it expressly preserved Riascos-Cardenas's right to raise claims of ineffective assistance of counsel. CR Dkt. No. 14, p. 5.

The Court sentenced Riascos-Cardenas to 52 months imprisonment, and two years of supervised release. CR Dkt. No. 35, pp. 7-8. Judgment was entered on October 20, 2021. CR Dkt. No. 24.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal. A notice of appeal must be filed within 14 days from the entry of judgment. FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Riascos-Cardenas's deadline for filing a notice of appeal passed on November 3, 2021. His conviction became final on that date. U.S. v. Scruggs, 691 F.3d 660, 669 (5th Cir. 2012) ("When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires."). A defendant must file a § 2255 motion within one year of his conviction becoming final. 28 U.S.C. § 2255(f)(1).

**B. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On August 29, 2022, Riascos-Cardenas timely filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1.

Riascos-Cardenas's petition is not a model of clarity, but the Court understands him to be making the following claims: (1) ineffective assistance of counsel based on counsel's failure to meaningfully consult with him; (2) ineffective assistance of counsel because his counsel promised him a sentence of 18 to 24 months; and (3) ineffective assistance of counsel for failing to file a requested notice of appeal. Dkt. No. 1.

On August 30, 2022, the Court ordered the Government to file a response to the petition. Dkt. No. 4.

On October 25, 2022, the Government timely filed a response to the petition, arguing that it was unsupported by the record. Dkt. No. 9. The response included an affidavit from Michael Trejo, Riascos-Cardenas's counsel during the criminal proceedings, which denied the allegations made in the § 2255 petition. Dkt. No. 9-1.

On October 27, 2022, the Court noted that the claims made by Riascos-Cardenas were not amenable to being resolved solely on the record and ordered that the parties appear for an evidentiary hearing. Dkt. No. 10. The Court also appointed habeas counsel for Riascos-Cardenas. Id.

On April 13, 2023, the Court held the evidentiary hearing. Dkt. No. 27. Trejo and Riascos-Cardenas each testified as to their recollections of the criminal case. Id. Both Riascos-Cardenas and the Government agreed that post-hearing briefing was unnecessary. Id., pp. 42-43.

## II. Applicable Law

### A. Section 2255

Riascos-Cardenas seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. As relevant here, that section provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume that he was fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing of cause and prejudice. Id.

"In a habeas action, federal courts stand willing to review issues of jurisdiction, allegations of substantial constitutional violations, and claims that exceptional circumstances resulted in a fundamental miscarriage of justice." Lawrence v. McCarthy, 344 F.3d 467, 474 (5th Cir. 2003).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and (2) that the deficient performance prejudiced the defendant. Grammas, 376 F.3d at 436.

To prove that counsel's performance was deficient, petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012). Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

### III. Analysis

As previously noted, Riascos-Cardenas has made three overarching claims of ineffective assistance of counsel: (1) for failing to meaningfully consult with him, (2) for inducing him to plead guilty by promising a sentence of 18 to 24 months, and (3) for failing to file a requested notice of direct appeal. The Court will address each of these in turn.

The Court notes that resolution of these claims depends on a determination as to whether the Court finds Trejo or Riascos-Cardenas to be more credible. The undersigned may make credibility determinations without violating due process. See Louis v. Blackburn, 630 F.2d 1105, 1109 (5th Cir. 1980) (discussing the deference given to a magistrate judge who conducted an evidentiary hearing based on a habeas corpus claim and that judge's authority and discretion to make credibility findings based upon hearing and observing witness testimony).

#### A. Meaningfully Consult

Riascos-Cardenas alleges that Trejo did not explain the proceedings to him, other than telling him to sign the plea agreement because he was going to receive a sentence of between 18 and 24 months. The Court finds that this claim is not credible.

"A defendant whose attorney provides no meaningful assistance may, however, be constructively denied the assistance of counsel." Mayo v. Cockrell, 287 F.3d 336, 338 (5th Cir. 2002). That does not appear to be the case here.

At his re-arraignment, Riascos-Cardenas was asked if he was given the opportunity to review the plea agreement with his attorney prior to signing it. CR Dkt. No. 34, p. 11. Testifying under oath, he replied, "Yes." Id. Riascos-Cardenas also testified that he had spoken with his lawyer about the indictment, that the indictment was explained to him in Spanish and that he had spoken with his lawyer about any possible defenses he had to the

indictment. Id., pp. 8-9. At sentencing, Riascos-Cardenas testified, under oath, that had the opportunity to review the PSR with Trejo. CR Dkt. No. 35, p. 2.

"Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Riascos-Cardenas's testimony at re-arraignment and sentencing directly contradicts the allegations made in his § 2255 petition. He has provided no evidence to overcome the strong presumption of verity.

Furthermore, Trejo testified that he met with Riascos-Cardenas on four separate occasions. Trejo testified that during those meetings, he discussed the likely sentence if Riascos-Cardenas pled guilty based on his criminal history and also went over the PSR with him in detail. Dkt. No. 27, pp. 9-11. The Court finds Trejo's testimony to be more credible and consistent with the record.

Accordingly, this claim should be denied.

**B. Promised Sentence**

Riascos-Cardenas alleges that Trejo informed him that he would receive a sentence of 18 to 24 months if he pled guilty. The Court does not find this claim to be credible.

"[M]isinforming a defendant as to his sentencing exposure can constitute deficient performance." Schillereff v. Davis, 766 Fed. App'x 146, 154 (5th Cir. 2019). The record does not show that Trejo committed such an act.

As an initial matter, Riascos-Cardenas received a 57-month sentence in 2012 for illegal re-entry. CR Dkt. No. 19, p. 8. It simply is not believable that Trejo – who is an experienced criminal defense attorney -- would tell Riascos-Cardenas that he would receive a sentence that was less than half of the sentence that Riascos-Cardenas had received in a previous case for the identical crime, absent a compelling change in circumstances.

Trejo testified under oath that based on Riascos-Cardenas's criminal history, he informed him that he would likely receive a sentence of between 46 and 57 months. Dkt. No. 27, p. 9. This prediction was accurate, and the Court finds Trejo's testimony on this point to be more credible. There is simply no basis in the record to conclude that Trejo ever told Riascos-Cardenas that he would receive a sentence of 18 to 24 months, much less that the Government had agreed to such a sentence. This claim should be denied.

**C. Direct Appeal**

Riascos-Cardenas alleges that Trejo failed to file a requested notice of direct appeal. The Court does not find this claim to be credible.

An attorney is per se ineffective when the defendant requests that a notice of appeal be filed, and the attorney fails to file the notice. U.S. v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007). Those are not the facts of this case.

Riascos-Cardenas and Trejo have told wildly divergent stories of what happened after the sentencing hearing concluded. According to Riascos-Cardenas, Trejo told him that the sentence was excessive and that they needed to appeal it. Dkt. No. 27, p. 29. Riascos-Cardenas claims that he authorized the appeal, which Trejo never filed. Id. Riascos-Cardenas claims that he tried to call Trejo's office several times to find out the status of the appeal, but no one ever answered the phone. Id., p. 30.

Trejo testified that after the hearing was concluded, he spoke briefly with Riascos-Cardenas. Dkt. No. 27, p. 20. Trejo asked Riascos-Cardenas if he had any questions for him and Riascos-Cardenas said no. Id. Trejo testified that he never spoke with Riascos-Cardenas about an appeal because he did not see any non-frivolous issues to raise on direct appeal and it wasn't his general practice to ask his clients if they wanted to appeal. Id. Trejo testified that he does not handle appeals, so if Riascos-Cardenas had told him he wanted to appeal, Trejo would have filed the notice of appeal and a motion to withdraw as counsel. Id., p. 6. Trejo testified that any communications from Riascos-Cardenas, such as phone messages or letters, would have been in the client file and that no such communications were present in the file to show that Riascos-Cardenas contacted him about an appeal. Id., pp. 21-22.

After hearing from both Riascos-Cardenas and Trejo and observing their demeanor at the evidentiary hearing, the Court finds Trejo's version of events to be much more credible. The Court does not find it credible that Trejo would tell Riascos-Cardenas that the sentence was too harsh and needed to be appealed, given that (1) Riascos-Cardenas had waived his right to challenge the sentence on direct appeal and (2) the sentence was within the guideline sentencing range.

The Court finds that Riascos-Cardenas never requested that Trejo file a notice of direct appeal. As such, Trejo was not per se ineffective for failing to file such a notice. Furthermore, the Court finds that Trejo did not unreasonably breach his duty to consult with Riascos-Cardenas about any such appeal.

Trejo "has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." U.S. v. Cong Van Pham, 722 F.3d 320, 324 (5th Cir. 2013) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)). In order to establish prejudice for counsel's failure to consult, the defendant must show by a preponderance of the evidence that, but for counsel's failure, he would have timely filed a notice of appeal. Id. The defendant does not need to show that the appeal would have been meritorious. Id. This prejudice test applies even when the defendant waived the right to appeal. Id.

As to the first prong, there is no basis to conclude that a rational defendant would have wanted to appeal in this case. Riascos-Cardenas had waived his right to appeal his conviction or sentence. CR Dkt. No. 14. Furthermore, he was given a sentence within the guideline sentencing range. There were no non-frivolous issues that are apparent that would lead a rational defendant to appeal.

As to the second prong, there was no basis to conclude that Riascos-Cardenas had expressed a desire to appeal. The Court credits Trejo's testimony that Riascos-Cardenas was not surprised or upset by his sentence, given that it was lower than a previous sentence Riascos-Cardenas had received for an identical crime. Accordingly, Trejo was not ineffective for failing to consult him about a possible appeal. For that reason, this claim should also be denied.

**IV. Recommendation**

It is recommended that the Petitioner Alberto Estiven Riascos-Cardenas's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be denied as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA, because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Riascos-Cardenas's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Riascos-Cardenas's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is recommended that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings

without conducting a <u>de</u> <u>novo</u> review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. <u>Alexander v. Verizon Wireless Servs., L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on April 19, 2023.

_____
Ronald G. Morgan
United States Magistrate Judge